# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
CLYDE G. SMITH,                               )
                                              )
          Petitioner,                         )
                                              )          **Civil Action No.**
          v.                                  )          **02-40092-FDS**
                                              )
EDWARD FICCO,                                 )
                                              )
          Respondents.                        )
_____)

## MEMORANDUM AND ORDER ON APPLICATION
## FOR CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

      This matter is before the Court on Petitioner Clyde G. Smith's application for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253.

      Petitioner was convicted by a jury in state court on charges of unarmed robbery and of being a habitual offender. Thereafter, he moved for and was granted a new trial on the habitual offender charge. He was again convicted, and received a life sentence. His conviction was upheld on appeal by the Massachusetts Appeals Court. *Commonwealth v. Smith*, 52 Mass. App. Ct. 1111 (2001) (table). His application for leave to obtain further appellate review with the Supreme Judicial Court was denied. *Commonwealth v. Smith*, 435 Mass. 1107 (2001) (table).

      On May 7, 2002, he filed a petition in this Court for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting various violations of his constitutional rights. The matter was referred to the United States Magistrate Judge for a report and recommendation. On March 15, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the petition be

denied.  Petitioner filed a timely objection, and on March 24, 2006, this Court accepted the

Report and Recommendation and denied the petition.  On April 25, 2006, petitioner filed an

application for a COA.

## I.      Standard

In order to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court," the petitioner must first obtain a

COA from a circuit justice or judge.  28 U.S.C. § 2253(c).[1]  The COA will not issue unless the

petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  A petitioner may satisfy this standard by "demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484

(2000)).

This Court previously concluded, in accepting the Magistrate Judge's report and denying

the writ, that the state-court decision did not involve a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by Supreme Court

precedent or a decision that was based on an unreasonable determination of the facts in light of

---

[1] By local rule of the First Circuit,

A petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely
notice of appeal and should promptly apply to the district court for a certificate of appealability.
If the district court grants the certificate of appealability, it must state which issue or issues
satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).  If the district court denies a certificate of
appealability, it must state the reasons why the certificate should not issue.

First Circuit L.R. 22.1(b).

the evidence presented in the state-court proceedings.  *See Lynch v. Ficco,* 438 F.3d 35 (1st Cir.

2006).  Although the standard in assessing whether to issue a COA is more liberal, petitioner's

constitutional claims here do not meet that threshold, and the issues presented do not deserve

encouragement to proceed further.  *See Miller-El,* 537 U.S. at 327, 337.

## II.     Analysis

Petitioner seeks a COA with respect to sixteen issues.  Several of these enumerated

grounds are redundant or substantially overlap.  For simplicity's sake, they may be grouped

roughly as follows:  (a) claims concerning his conviction for unarmed robbery; (b) claims

concerning his conviction as a habitual offender; (c) claims concerning the right to effective

assistance of counsel; and (d) claims concerning alleged cumulative error.  The Court will address

each in turn.

### A.     Conviction for Unarmed Robbery

Petitioner first asserts that his due process rights were violated when the trial judge denied

his motion to dismiss the robbery indictment.  That motion contended that insufficient evidence

was presented to the grand jury that the robbery had been committed by constructive force.

Because petitioner did not raise this argument in his petition under Rule 2(c) of the Rules

Governing Section 2254 Cases, it was not considered.  Whether a COA should issue under these

circumstances involves a two-pronged inquiry:

> When the district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason would find it debatable whether
> the petition states a valid claim of the denial of a constitutional right and that
> jurists of reason would find it debatable whether the district court was correct in its
> procedural ruling.

*Slack,* 529 U.S. at 484; *Mateo v. United States*, 310 F.3d 39, 40 (1st Cir. 2002) (accord). Although petitioner did not raise this ground in his petition, he did raise it in his memorandum of law in support.  The question, then, is whether reasonable jurists would debate whether the district court was correct in its procedural ruling—that is, its dismissal of this claim under Rule 2(c).  *See Benjamin v. Secretary for the Dept. of Corrections*, 151 Fed. App'x. 869 (11th Cir. 2005) (district court erred in dismissing petition for failure to substantially comply with Rule 2(c) where petitioner did so comply); *Rollins v. Wall*, 2006 WL 1787726, at *4 (D.R.I. June 23, 2006) (petition dismissed for, among other things, failure to conform to Rule 2(c) where it did not specify the "grounds for relief available to the petitioner," nor the "facts supporting each ground," as required by the rule.  The Court need not decide this issue, because no jurist of reason would find it debatable whether his petition stated a valid claim of the denial of a constitutional right; the grand jury clearly was presented with sufficient evidence that the defendant committed the robbery by constructive force.  *See*, *e.g.*, *Jackson v. Virginia*, 443 U.S. 307 (1979); *Commonwealth v. Jones*, 362 Mass. 83 (1972); *Commonwealth v. Davis*, 7 Mass. App. Ct. 9 (1979).

Petitioner next asserts that his due process rights were violated when the trial judge denied his motion for a required finding of not guilty on the unarmed robbery charge.  That motion contended that there was insufficient evidence that he committed the robbery by constructive force.  The jury clearly was presented with sufficient evidence and this is therefore not a colorable claim.  *See Jackson*, 443 U.S. 307; *Jones*, 362 Mass. 83; *Davis*, 7 Mass. App. Ct. 9.

### B.   Conviction as a Habitual Offender

Petitioner first asserts that his due process rights were violated when the trial judge denied his motions for a required finding of not guilty on the habitual offender charge at both of his two habitual offender trials.  Those motions contended that there was insufficient evidence that he had previously been "twice convicted of crime and sentenced and committed to prison in [Massachusetts] or another state."  *See* Mass. Gen. L. ch. 279, § 25.  Among other things, petitioner claims that he was not properly identified as the same Clyde Smith named in the prior convictions.  No jurist of reason would find this issue debatable; the evidence before the court in both trials was sufficient to establish his prior convictions, sentences, and prison commitments. *See Jackson*, 443 U.S. 307; *Commonwealth v. Allen*, 22 Mass. App. Ct. 413 (1986).

Petitioner next asserts that his second habitual offender trial violated his right not to be placed in double jeopardy.  No jurist of reason would find this issue debatable; because the evidence presented at the first trial was sufficient to convict him of the habitual offender charge, the second trial did not constitute double jeopardy.  *See Lockhart v. Nelson*, 488 U.S. 33 (1988).

Petitioner next asserts that the habitual offender count should have been dismissed on the grounds that it is unconstitutionally vague.  Petitioner bases this argument on the fact that the two predicate sentences ran concurrently.  No jurist of reason would find it debatable whether the petition states a valid constitutional claim in that regard.  *See Commonwealth v. Hall*, 397 Mass. 466, 469 n.4 (1986); *Commonwealth v. Perry*, 65 Mass. App. Ct. 624, 632 (2006); *Commonwealth v. Keane*, 41 Mass. App. Ct. 656, 660 (1996).

Petitioner finally asserts that the instructions given in response to a jury question during his second habitual offender trial amounted to plain error.  The jury asked the court to "please

explain reasonable doubt and fact," and asked "are the conviction documents true facts or can they be disputed as false?"  Petitioner asked the court to instruct that fact-finding was the jury's responsibility and that if they could not determine what the facts were, they should resolve the conflict to petitioner's benefit.  In response, the trial judge again instructed the jury as to the elements of the crime and reasonable doubt, but declined to comment on the facts.  Petitioner argues, in essence, that doing so left the jurors with the impression that the government did not have the burden of proving an essential element of the offense.  No jurist of reason would find this issue debatable.  The instruction, particularly in the context of the entire charge, cannot be interpreted as shifting the burden of proof to petitioner or creating a mandatory presumption to his detriment.  *See Curtis v. Duval*, 124 F.3d 1, 7 (1st Cir. 1997).

### C.    Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective in two ways:  by his failure (1) to bring a constitutional challenge against the habitual offender statute and (2) to move to suppress the photographic identification procedure.  As to the former, no reasonable jurist could debate this issue; petitioner must establish that counsel's representation fell below an objective standard of reasonableness, and the failure to pursue the futile tactic suggested by petitioner does not meet this standard.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  As to the latter, the state court refused to address the claim under Massachusetts Rules of Appellate Procedure 16(a)(4). In assessing his petition for habeas corpus, the Magistrate Judge declined to reach the merits because petitioner failed to show (1) that there was good cause for the default in state court proceedings, (2) that he suffered actual prejudice, and (3) that the federal court's failure to review the claim will result in a fundamental miscarriage of justice.  *See Lynch*, 438 F.3d at 44.  To grant

6

a COA as to this issue, then, the Court must resolve in petitioner's favor the issue of whether

reasonable jurists could debate the correctness of the procedural ruling. *See Slack,* 529 U.S. at

484.  Under these circumstances, reasonable jurists could not. *See Simpson v. Matesanz*, 175

F.3d 200 (1st Cir. 1999).

     **D.**    **Cumulative Error**

Petitioner asserts that the various violations of his constitutional rights, in the aggregate,

require that the petition be granted.  This argument was not raised in his petition, and the

Magistrate Judge declined to address them pursuant to Rule 2(c) of the Rules Governing Section

2254 Cases.  Again passing on the question of whether reasonable jurists could debate the

propriety of this procedural ruling, *see Slack,* 529 U.S. at 484, there is no colorable claim as to

the effect of cumulative error where the Court has found no error in the first instance.

**III.**    **Conclusion**

For the foregoing reasons, Petitioner's application for a Certificate of Appealability is

DENIED.

**So Ordered.**

          /s/ F. Dennis Saylor
          F. Dennis Saylor IV
          United States District Judge

Dated:  August 4, 2006